```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STONEWELL CORP., and RICHARD GLADSTONE,

                      Plaintiffs,                ORDER

        -against-                                04 CV 9867
                                                 (KMW)(GWG)
CONESTOGA TITLE INSURANCE CO.,
WILLIAM KOLSHORN, and JERSEYSEARCH
TITLE SERVICES, INC.,

                      Defendants.
------------------------------------X
     - as consolidated with -
------------------------------------X
CONESTOGA TITLE INSURANCE CO.,
WILLIAM KOLSHORN, and JERSEYSEARCH
TITLE SERVICES, INC.,

                      Plaintiffs,

        -against-

STONEWELL CORP., RICHARD GLADSTONE,

                      Defendants/
                      Third-Party Plaintiffs,

        -against-

JERSEYSEARCH TITLE SERVICES, INC.,
WILLIAM KOLSHORN, DOLLINGER GONSKI &
GROSSMAN, AND MATTHEW DOLLINGER,

                      Third-Party Defendants.
------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/10

KIMBA M. WOOD, U.S.D.J.:

I.   Schedule for Trial

The trial now scheduled for March 2, 2010 is adjourned due to a scheduling conflict for the Court. The trial shall begin on March 23, 2010, at 10:00 am. The first stage of trial will

1

concern the claims and counter-claims between Stonewell Corporation and Richard Gladstone (collectively, "Stonewell") and Conestoga Title Insurance Company.  The second stage of trial, if necessary, will concern Stonewell's Third-Party Complaint against Matthew Dollinger and Dollinger Gonski & Grossman (collectively, "Dollinger") and will commence immediately after completion of the first stage of trial.

All filing deadlines provided in the Court's orders dated January 12, 2010 (Docket Entry No. 145) and January 13, 2010 (Docket Entry No. 146) shall remain in effect.  The pre-trial conference shall be conducted on March 17, 2010, at 10:00 am.

## II. Motion to Amend Third-Party Complaint

The Court now addresses Stonewell's motion for leave to amend its Third-Party Complaint.

### A. Stonewell's Proposed Amendments

Stonewell seeks to amend its Third-Party Complaint against Dollinger based on documents it claims Dollinger produced in late December 2009.  Stonewell asserts that these documents provide new evidence in support of its claim of legal malpractice based on Dollinger's alleged failure to convey a settlement offer to his client, Richard Gladstone.

First, Stonewell identifies a billing statement completed by Dollinger, dated August 5, 2002, in which Dollinger indicates the hours he spent on Gladstone's case and the substance of his

2

activities. The statement notes that, on July 15, 2002, Dollinger discussed with James Black, counsel to the Delaware Insurance Commissioner, an offer of $230,000 to settle Gladstone's case. Then July 15, 2002 entry reads: "Discussion with Mr. Black re: settlement offer of $230,000; Discussion w/ client." (Pl. Ex. A.)

Second, Stonewell provides a billing statement completed by Dollinger, dated March 7, 2006, in which it is noted that, on February 8, 2006, Dollinger had a telephone conversation with Mr. Black "re: settlement." (Pl. Ex. B.) No further details about this conversation are provided in the billing statement.

In his deposition testimony, Dollinger confirmed the accuracy of these entries in the two billing statements.

Stonewell claims that these settlement offers were not timely conveyed to Gladstone. Based on the two billing statements discussed above, Stonewell moves for leave to amend the Third-Party Complaint (1) to incorporate the claim that Dollinger failed to convey the $230,000 settlement offer to Gladstone in 2002; and (2) to amend Paragraphs 34 and 36 in the Third-Party Complaint, which currently allege that a settlement offer was made to Dollinger but not conveyed to Gladstone between October 2006 and October 2007, so that the Amended Third Party-Complaint would allege that a settlement offer was made to

3

Dollinger in February 2006 but not conveyed to Stonewell or Gladstone for several months.

B. Legal Standard for Motion for Leave to Amend

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] Leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001) ("Although Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive.").

Courts in this district have consistently granted motions for leave to amend a complaint where facts and allegations

---

[1] The Court need not conduct an analysis pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Rule 16(b) provides that, where a court has issued a scheduling order that limits the time to amend the pleadings or to complete other pre-trial requirements, the scheduling deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). In this case, the Court finds that Stonewell has not violated any court-ordered deadline for amending the Third-Party Complaint. Even if good cause were required, the Court finds that (1) Dollinger's late production of documents and (2) Stonewell's timely filing for leave to amend following its identification of the additional facts, obtained through discovery, in support of its legal malpractice claim establish good cause for any tardiness in seeking amendment.

developed during discovery are closely related to the original claim and are foreshadowed in earlier pleadings. See Bridgeport Music, Inc. v. UMG Recordings, Inc., 248 F.R.D. 408, 415 (S.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148 (S.D.N.Y. 2007). Furthermore, amendment is favored where it would allow the merits of a claim to be fully adjudicated. See Morin v. Trupin, 835 F. Supp. 126, 129 (S.D.N.Y. 1993).

A court must consider whether the proposed amendment to the pleading would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or would significantly delay the resolution of the dispute. See Monahan v. New York City Dep't of Corrs., 214 F.3d 275, 284 (2d Cir. 2000) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). The party opposing the motion for leave to amend has the burden of establishing that the proposed amendment would be prejudicial or cause undue delay. See Fariello v. Campbell, 860 F. Supp. 54, 70 (E.D.N.Y. 1994).

Amendments to pleadings often require some amount of additional discovery and investigation by the parties. This fact does not automatically constitute undue prejudice against the party opposing amendment. See United States v. Cont'l Illinois Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989); Bridgeport Music, 248 F.R.D. at 414; ResQNet.com, Inc. v.

5

Lansa, Inc., 382 F. Supp. 2d 424, 451 (S.D.N.Y. 2005); A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000).

C. Application of Legal Standard to Facts

The Court finds that Dollinger has not sustained his burden to establish that the proposed amendments will unfairly prejudice Dollinger or cause undue delay in the adjudication of the present case.  Stonewell moves for leave to amend based upon the content of documents that were not produced by Dollinger until late December 2009.  The facts and allegations it seeks to add to the Third-Party Complaint were developed during discovery and are closely related to the original claim - to wit, legal malpractice for failure to convey a settlement offer.  Therefore, permission to amend is appropriate in order to ensure that the merits of the claim are fully adjudicated.  See Bridgeport Music, 248 F.R.D. at 415; Morin, 835 F. Supp. at 129.

Dollinger identifies the need for additional discovery in light of the proposed amendments, including the second depositions of both Gladstone and Charles Caldwell, along with further investigation.  This fact does not warrant denying leave to amend.  The Court finds that, especially in light of the adjournment of trial until March 23, 2010, the parties have sufficient time to conduct appropriate discovery and investigation related to the new allegations.

6

Leave to amend the Third-Party Complaint is appropriate given the factual circumstances and procedural posture of this litigation.

D. Conclusion

The Court grants Stonewell's motion for leave to amend its Third-Party Complaint as provided in its Memorandum of Law. Stonewell shall promptly file a proposed Amended Third-Party Complaint for the Court's review. Stonewell shall explain to the Court the specific paragraphs it seeks to amend and the content of the proposed amendments.

The parties shall cooperate to ensure the timely completion of any further discovery that is appropriate in view of the amendments to the Third-Party Complaint.

III. Pending Motions in Limine

The Court is in receipt of numerous motions in limine and other submissions related to the trial. Once all briefing has been submitted by the parties and reviewed by the Court, decision on those matters shall be issued.

SO ORDERED.

Dated:   New York, New York
         February 16, 2010

*Kimba M. Wood*
Kimba M. Wood
United States District Judge