```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STONEWELL CORP., and RICHARD GLADSTONE,
                                                    ORDER
                Plaintiffs,

        -against-                                   04 CV 9867
                                                    (KMW)(GWG)
CONESTOGA TITLE INSURANCE CO.,
WILLIAM KOLSHORN, and JERSEYSEARCH
TITLE SERVICES, INC.,

                Defendants.
------------------------------------X
    - as consolidated with -
------------------------------------X
CONESTOGA TITLE INSURANCE CO.,
WILLIAM KOLSHORN, and JERSEYSEARCH
TITLE SERVICES, INC.,

                Plaintiffs,

        -against-

STONEWELL CORP., RICHARD GLADSTONE,

                Defendants/
                Third-Party Plaintiffs,

        -against-

JERSEYSEARCH TITLE SERVICES, INC.,
WILLIAM KOLSHORN, DOLLINGER GONSKI &
GROSSMAN, AND MATTHEW DOLLINGER,

                Third-Party Defendants.
------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

**I. Introduction**

On February 16, 2010, the Court granted the motion submitted by Third-Party Plaintiffs Stonewell Corporation and Richard Gladstone (collectively, "Stonewell") for leave to amend

1

the Third-Party Complaint.  The Court permitted the amendments that Stonewell sought in order to reflect allegations that Third-Party Defendants Matthew Dollinger and Dollinger Gonski & Grossman (collectively, "Dollinger") failed to convey two settlement offers to Gladstone.  (Op. & Order, Jan. 7, 2010, Docket Entry No. 142.)  Stonewell now moves for leave to file a Second Amended Third-Party Complaint that incorporates additional causes of action.  Dollinger has objected to the Corrected Proposed Second Amended Third-Party Complaint.[1]

For the reasons stated below, Stonewell's motion for leave to amend as set forth in the Corrected Proposed Second Amended Third-Party Complaint is granted in part and denied in part.

## II.  Analysis of Proposed Amendments

Stonewell has proposed three new causes of action in its Corrected Proposed Second Amended Third-Party Complaint.  The Court finds that: (1) proposed Cause of Action Two is approved as consistent with the Court's Opinion and Order, dated January 7, 2010; (2) proposed Cause of Action Three is approved as sufficiently related to the original pleadings; (3) proposed Cause of Action Four is denied as unmeritorious and futile; and (4) Dollinger's other objections to the Corrected Proposed Second Amended Third-Party Complaint are denied.

---

[1] On February 23, 2010, Stonewell submitted a "Corrected Proposed Second Amended Third-Party Complaint" in an attempt to address some of Dollinger's objections.  The instant order on Stonewell's motion for leave to amend is based on this submission.

2

A. <u>Proposed Cause of Action Two is Approved</u>

Cause of Action Two sets forth the relevant facts in support of the claim that Dollinger failed to convey two offers of settlement to Gladstone. These two instances of a purported breach of duty formed the basis for Stonewell's first motion for leave to amend the Third-Party Complain, which was granted by the Court. The Court therefore approves the proposed Cause of Action Two in Stonewell's Corrected Proposed Second Amended Complaint.

B. <u>Proposed Cause of Action Three is Approved</u>

In its Second Motion to Amend its Third-Party Complaint, Stonewell also seeks to add Cause of Action Three, which provides, in pertinent part:

> 41. On information and belief, at various times during the period of 1997 and 2007, a variety of settlement discussions were entered into between Conestoga representatives and Dollinger (on behalf of Stonewell/Gladstone). . . .  Further, Dollinger admitted in his deposition that he tried to settle the pending matters at various times.
> 42. At no time did Dollinger communicate any of these discussions of settlement with Stonewell/Gladstone, who would have instructed Dollinger to proceed and settle the case.
> 43. Dollinger had an absolute duty to bring all settlement discussions to his client's immediate attention, and to discuss its relative merits and demerits. His failure to do so breaches a fundamental duty to his client.

3

In support of this new cause of action, Stonewell provides Proposed Exhibit A, which includes several of Dollinger's invoices. These invoices, dating from between March 1999 and February 2006, make a number of references to Dollinger engaging in settlement negotiations on behalf of Stonewell. Dollinger objects to the proposed Cause of Action Three on the ground that the allegations are too vague and lack adequate specificity.

The Court finds that the facts and allegations developed during discovery and set forth in Paragraphs 41-43 of the proposed amended pleadings are sufficiently related to the original claims and are foreshadowed in the earlier pleadings. See Bridgeport Music, Inc. v. UMG Recordings, Inc., 248 F.R.D. 408, 415 (S.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148 (S.D.N.Y. 2007). Permitting the proposed amendment would allow for the full adjudication of the merits of the remaining claim in this litigation – to wit, that, in the course of the attorney-client relationship, Dollinger failed to convey one or more settlement offers to Stonewell, and that this alleged breach caused damages to Stonewell. See Morin v. Trupin, 835 F. Supp. 126, 129 (S.D.N.Y. 1993). Accordingly, the Court grants the motion for leave to amend the pleadings to include Cause of Action Three. The Court also permits the addition of Proposed Exhibit A to the Third-Party Complaint.

C. <u>Proposed Cause of Action Four is Denied</u>

Stonewell next seeks, for the first time, to add a cause of action based on Dollinger's alleged failure to send Stonewell copies of invoices for legal fees and expenses that Dollinger sent to Conestoga during the period that Conestoga funded Dollinger's legal representation of Stonewell.  Stonewell offers no legal basis for such a claim, nor does it allege any damages from this purported breach of Dollinger's duty to Stonewell.

The Court therefore denies leave to amend with respect to proposed Cause of Action Four (Paragraphs 44 and 45) on the ground that such amendment would be futile.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

D. <u>Dollinger's Other Objections Are Without Merit</u>

Dollinger objects to specific contents of the Corrected Proposed Second Amended Third-Party Complaint that are unchanged from the original pleadings.  Dollinger contends that the First Cause of Action (Legal Malpractice) and the Fifth Cause of Action (Failure to Cooperate and Failure to Produce Documents) should be excised from the proposed amended pleadings because they have been dismissed by the Court in its Opinion and Order, dated January 7, 2010.  Dollinger further objects to "background

allegations" in the pleadings that relate to these now-dismissed causes of action.[2]

These two causes of action have been dismissed and are not the subject of the upcoming trial.  Their continued presence in the pleadings is inconsequential to the adjudication of this case.  Requiring a redrafting of the original pleadings based on a summary disposition is unnecessary and would be a waste of time and resources.  Dollinger's objections with respect to these portions of the Corrected Proposed Second Amended Third-Party Complaint are therefore denied.[3]

### III. Conclusion

The Court GRANTS Stonewell's motion for leave to amend the pleadings insofar as it approves Stonewell's proposed Cause of Action Two (Failure to Convey Two [2] Separate Offers of Settlement) and Cause of Action Three (Breach of Duty to Communicate – Failure to Communicate Discussions of Settlement) in the Corrected Proposed Second Amended Third-Party Complaint. Stonewell's motion to add proposed Cause of Action Four (Failure to Provide Invoices for Legal Fees and Expenses) is DENIED. (Docket Entry No. 194.)

---

[2] These "background allegations" appear in Paragraphs 16-26 and 29-31.
[3] The Court also approves Stonewell's request for leave to insert at the end of Paragraph 34 of the Corrected Proposed Second Amended Third-Party Complaint the following sentence: "The settlement offer was for Conestoga, the Delaware Insurance Commissioner and Gladstone/Stonewell to drop all claims against each other."

Stonewell is directed to file the amended pleadings consistent with this order forthwith. No further amendments to the pleadings shall be granted absent good cause.

SO ORDERED.

Dated: New York, New York
February 25, 2010

                                                _Kimba M. Wood_
                                                Kimba M. Wood
                                                United States District Judge